UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
K.F. by and through her parents and                )
guardians, JOHN AND EMBER FRY,          )         Case No. C08-0890RSL
                                                                    )
                  Plaintiff,                          )
    v.                                                        )
                                                                    )         ORDER DENYING PLAINTIFF'S
REGENCE BLUESHIELD, *et al.*,             )         MOTION FOR PRELIMINARY
                                                                    )         INJUNCTION
                  Defendants.                    )
_____)

        This matter comes before the Court on "Plaintiff's Motion for Preliminary Injunction." Dkt. # 3. Plaintiff argues that defendant Regence Blueshield ("Regence") should be required to pay for nine hours of in-home skilled nursing per day pending the outcome of this litigation. Until May 7, 2008, Regence provided this benefit under a Memorandum of Understanding and a medical benefits plan governed by the Employee Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*.

        Having considered the papers submitted by the parties, counsels' arguments on July 24, 2008, and the remainder of the record, the Court finds as follows:

    (1) In determining whether to grant a prohibitory injunction, the Ninth Circuit considers: (a) the likelihood of plaintiff's success on the merits; (b) the possibility of irreparable injury to plaintiff if an injunction is not issued; (c) the extent to which the balance of hardships favors plaintiff; and (d) whether the public interest will be advanced by the injunction. See Miller v.

ORDER DENYING PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION

Cal. Pac. Med. Ctr., 19 F.3d 449, 456 (9th Cir. 1994); Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1201 (9th Cir. 1980). The analysis is often compressed into a single continuum where the required showing of merit varies inversely with the showing of irreparable harm. See Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc., 204 F.3d 867, 874 (9th Cir. 2000). Thus, plaintiff may be entitled to preliminary relief if she is able to show either (a) probable success on the merits and the possibility of irreparable harm or (b) the existence of serious questions going to the merits and a fair chance of success thereon, with the balance of hardships tipping sharply in favor of an injunction. Miller, 19 F.3d at 456.

The parties disagree regarding the nature of the relief requested. Plaintiff argues that she is simply seeking a continuation of benefits that were provided in the past and that Regence should be prohibited from changing the *status quo*. Regence, on the other hand, points out that it has not paid for in-home nursing services since May 7, 2008, a month before plaintiff filed her motion for preliminary injunction, and that those benefits were provided in lieu of skilled nursing facility benefits. Regence argues that the requested relief is "mandatory" because it compels affirmative action on the part of defendant, namely the payment of benefits under the acute hospitalization coverage.

The proper characterization of the relief is important in this case because prohibitory injunctions are governed by the standards set forth above, while mandatory injunctions will "not be issued unless the facts and law clearly favor the moving party." Dahl v. HEM Pharms. Corp., 7 F.3d 1399, 1403 (9th Cir. 1993) (citing Anderson v. United States, 612 F.2d 1112, 1114 (9th Cir. 1980)). The function of a preliminary injunction is to preserve the *status quo ante litem* pending the resolution of a controversy. Determining what the *status quo* is requires the Court to identify the "last uncontested status which preceded the pending controversy." See GoTo.com, Inc. v. Walt Disney Co., 202 F.3d 1199, 1210 (9th Cir. 2000). Here, defendant provided and plaintiff accepted without contest nine hours of in-home skilled

ORDER DENYING PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION         -2-

nursing services from December 2007 to May 2008. Looking at these bare facts, one might say that plaintiff simply seeks to continue the existing relationship while this action is pending. But all parties knew that the in-home services K.F. received were being provided as a substitute for the skilled nursing facility benefit, not the in-patient hospitalization benefit. More importantly, all parties knew that the skilled nursing facility benefit was of limited duration and expire after 90 days. Plaintiff now seeks to compel coverage under a different plan provision that has no time limit. In this context, the Court finds that the break in payments that occurred on May 7, 2008, was the expected and acknowledged end of the benefit plaintiff had been receiving. Plaintiff's request for the reinstatement of in-home services under a new plan provision constitutes a request for mandatory injunctive relief subject to heightened scrutiny. Dahl, 7 F.3d at 1403.

(2) The facts and law currently before the Court do not clearly favor entry of a preliminary injunction. Although plaintiff has raised serious questions regarding her entitlement to in-home skilled nursing services under the plan, it is very difficult to determine her likelihood of success on the merits given the novel legal issues involved and the preliminary nature of this proceeding. More importantly, the evidence does not support a finding of imminent, or even likely, irreparable harm. Thanks to the commendable efforts of third-party New Care Concepts, Inc., K.F. is currently receiving the in-home services denied by Regence. It is not clear that this situation will change before this matter can be presented for final resolution on an expedited basis. A case management order will issue setting this matter for trial on September 11, 2008, and it is hoped that the parties, with the help of New Care Concepts, can reach an interim agreement that ensures that K.F. will continue to receive the necessary nursing services until trial.

ORDER DENYING PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION           -3-

1  For all of the foregoing reasons, plaintiff's motion for a preliminary injunction is
2  DENIED.

    Dated this 28th day of July, 2008.

                                    /s/ Robert S. Lasnik
                                    Robert S. Lasnik
                                    United States District Judge