UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
K.F. by and through her parents and )
guardians, JOHN AND EMBER FRY, )
) Case No. C08-0890RSL
Plaintiff, )
v. )
) ORDER GRANTING IN PART
REGENCE BLUESHIELD, *et al.*, ) DEFENDANTS' MOTION FOR
) PARTIAL SUMMARY JUDGMENT
Defendants. )
_____)

This matter comes before the Court on "Defendants' Motion for Partial Summary Judgment." Dkt. # 40. Defendants seek a declaration that Regence is not a proper party in this litigation, that RCW 48.43.535 is preempted, that the abuse of discretion standard of review applies to Regence's coverage determination, and that WAC 284-44-500 is unenforceable. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

(1) The Employee Retirement Security Act of 1974 ("ERISA") authorizes civil actions to recover benefits, enforce rights, or clarify rights to future benefits under an employee benefit plan. 29 U.S.C. § 1132(a)(1)(B). A claim for monetary damages may be asserted only against the plan as an entity and/or the plan administrator. 29 U.S.C. § 1132 (d)(2); <u>Ford v. MCI Communications Corp. Health & Welfare Plan</u>, 399 F.3d 1076, 1081-82 (9th Cir. 2005). The

Summary Plan Description designates the Board of Trustees of the MBA Group Insurance Trust as the plan administrator. Although Regence, as the claims administrator, had discretionary authority to determine eligibility for benefits and make claims determinations, it is not an entity that can be sued under § 1132(a)(1)(B) of ERISA. Plaintiff concedes the point in footnote 2 of its opposition, noting that Regence was named as a party for purposes of the preliminary injunction motion. The § 1132(a)(1)(B) claim for monetary damages against Regence is, therefore, dismissed.

Regence has not, however, shown that it is entitled to summary judgment on plaintiff's § 1132(a)(3) claim. Section 1132(a)(3) authorizes claims for equitable relief against non-plan "parties in interest," such as the insurance company that serves as the plan's claims administrator. See Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 221 (2002); Everhart v. Allmerica Fin. Life Ins. Co., 275 F.3d 751, 753-54 (9th Cir. 2001). Plaintiff's claim for equitable relief under § 1132(a)(3) may proceed to trial.

(2) Defendants argue that RCW 48.43.535 is preempted by ERISA because it provides "a separate vehicle to assert a claim for benefits outside of, or in addition to, ERISA's remedial scheme." Aetna Health Inc. v. Davila, 542 U.S. 200, 217-18 (2004).[1] In Davila (and Hawaii Mgmt. Alliance Assoc. v. Ins. Comm'r, 100 P.3d 952 (Hawai'i 2004), the other case on which defendants rely), respondents had asserted a state law cause of action which, the Supreme Court found, threatened the exclusive civil enforcement scheme established by ERISA. Washington's external review statute does not pose such a threat and is virtually indistinguishable from the state law analyzed in Rush Prudential HMO, Inc. v. Moran, 536 U.S. 355 (2002).[2] A state law

---

[1] The Court granted the Washington State Insurance Commissioner leave to file an amicus memorandum on the issues discussed in sections 2 and 5 of this order. Dkt. # 53.

[2] Defendants attempt to link a separate insurance reform statute, RCW 48.43.545, to the independent review process established by RCW 48.43.535. RCW 48.43.545 imposes a standard of care for insurance companies when they are providing medically necessary health care services. The failure to

ORDER GRANTING IN PART MOTION
FOR PARTIAL SUMMARY JUDGMENT          -2-

designed to strip the claim administrator of its unfettered discretion in awarding benefits or interpreting the contract, such as RCW 48.43.535, "does not implicate ERISA's enforcement scheme at all, and is not different from the types of substantive state regulation of insurance contracts [the Supreme Court has] in the past permitted to survive preemption . . . ." Rush Prudential, 536 U.S. at 385-87.

(3) It is undisputed that the plan documents under which plaintiff seeks benefits grant Regence "discretionary authority to determine eligibility for Benefits or to construe the terms" of the plan. Dkt. # 13 at 129. Surprisingly, plaintiff has taken the position that the grant of discretionary authority is ineffective because the plan was not signed by an appropriate representative of the Board of Trustees of the MBA Group Insurance Trust. If plaintiff is correct, the entire policy may be a legal nullity and would, therefore, be unenforceable. In such circumstances, it is hard to imagine how plaintiff's claim for benefits under the plan could survive. The Court will assume, for purposes of this motion, that the plan documents are enforceable.

(4) Despite the grant of discretionary authority contained in the plan documents, the *de novo* standard of review applies in this case. The general or default standard for judicial review of benefit denials under ERISA is *de novo*. The abuse of discretion standard is not compelled by either ERISA or judicial opinion: its applicability turns on the terms of the contract itself. Rush Prudential, 536 U.S. at 385-86. The plan summary provided to participants and governing state law create an external appeal procedure for participants who disagree with the administrator's denial of benefits. Dkt. # 13 at 130; RCW 48.43.535. Plaintiff utilized this external procedure.

---

comply with that proscribed standard may result in liability for harm proximately caused thereby. Had plaintiff asserted a state law claim for benefits under RCW 48.43.545 or otherwise sought to challenge the administrator's healthcare decisions under state law, such claim might be preempted under Davila. Plaintiff has not, however, asserted a state law claim of any kind: her claims for benefits and equitable relief arise under ERISA and the terms of the plan.

ORDER GRANTING IN PART MOTION
FOR PARTIAL SUMMARY JUDGMENT            -3-

Her claim for benefits was referred to an independent review organization ("IRO") for determinations regarding (a) the medical necessity or appropriateness of the requested healthcare services and (b) the application of the plan coverage provisions to those services. RCW 48.43.535 (5). Regence was compelled by law to implement the IRO's final determination. RCW 48.43.535(7).

As discussed in Rush Prudential, 536 U.S. at 2169 n. 16 and 2170, states are permitted to remove the administrator's discretionary authority to determine an insured's eligibility for benefits by incorporating binding external review procedures into the terms of the plan. Washington has done so through RCW 48.43.535, and the mandatory implementation provision set forth in subsection 7 became part of the benefit plan. See UNUM Life Ins. Co. of Am. v. Ward, 526 U.S. 358, 375-76 (1999); Wetzel v. Lou Ehlers Cadillac Group Long Term Disability Ins. Program, 222 F.3d 643, 647-48 (9th Cir. 2000). In such circumstances, Regence's adoption and implementation of the IRO's decision was mechanical and did not involve the exercise of discretion. The *de novo* standard of review therefore applies. Lamantia v. Voluntary Plan Adm'r, Inc., 401 F.3d 1114, 1122 (9th Cir. 2005).[3] The Court will evaluate

---

[3] Defendants acknowledge that the non-discretionary implementation of the IRO's decision is not entitled to deference. They argue, however, that the *de novo* standard of review applies only to the determination of whether Regence complied with RCW 48.43.535(7) when it implemented the IRO's decision. Defendants offer no case law in support of a two-tiered analysis using different standards of review. The only ERISA case cited (Sundown Ranch v. John Alden Life Ins. Co., 2003 WL 21281642 (N.D. Tex. May 29, 2003)) did not consider the impact of the IRO process on the standard of review: the court simply applied an abuse of discretion standard to the entire case.

Plaintiff seeks judicial review of a final benefits determination that was mechanically implemented by Regence. RCW 48.43.535 was designed to deprive Regence of its discretionary authority to determine eligibility for benefits by giving an IRO the power to issue binding decisions. Where an insured requests an external review, it is the IRO, not the administrator, who makes the final coverage determination, and deference to the administrator would not be appropriate. In addition, defendants' two-tiered analysis would greatly weaken the effect of RCW 48.43.535 in most cases. If the IRO ruled in favor of the insured, a judicial review that deferred to the administrator's initial denial of coverage would effectively abrogate the external appeal process mandated by the legislature.

ORDER GRANTING IN PART MOTION
FOR PARTIAL SUMMARY JUDGMENT         -4-

the entire administrative record, including the decision of the IRO, to determine whether the final denial of benefits was correct or incorrect. See Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 963 (9th Cir. 2006) (where *de novo* review applies, "[t]he court simply proceeds to evaluate whether the plan administrator correctly or incorrectly denied benefits . . .").

(5) Finally, defendants argue that the substitution of benefits regulation, WAC 284-44-500, does not apply because the regulation was not properly promulgated and is inconsistent with RCW 48.44.320. Defendants ignore the fact that the plan itself promises that home health care will be provided in lieu of hospitalization if such care can be provided at equal or lesser cost and the insured agrees. Dkt. # 13 at 41. They offer no authority for their implied assertion that a plan benefit can be ignored or excised from the policy if it is later determined that the insurance commissioner did not have the authority to require its inclusion. Because plaintiff seeks benefits under the express terms of the plan, the Court need not determine whether WAC 284-44-500 was properly promulgated or exceeds the Commissioners authority.[4]

For all of the foregoing reasons, defendants' motion for partial summary judgment is GRANTED in part and DENIED in part.

Dated this 10th day of September, 2008.

*MW S Lasnik*
Robert S. Lasnik
United States District Judge

---

[4] If it later appears that plaintiff's claims arise under WAC 284-44-500, rather than Section 5.9.2 of the plan, because the two vary in some material way, the Court will revisit this issue.

ORDER GRANTING IN PART MOTION
FOR PARTIAL SUMMARY JUDGMENT           -5-